GEORGE N. COX, RESPONDENT, v. THERON N. WELLER, APPELLANT.

*Statute of frauds.*

A verbal agreement between W. and F., whereby W., for a valuable consideration, agrees to pay a claim due from F. to C., is not within the statute of frauds, and may be enforced by C.[*]

APPEAL from a judgment entered in favor of the plaintiff, at the Orange County Circuit.

*Hulse, Little & Finn*, for the appellant.

*D. D. McKoon*, for the respondent.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

Judgment affirmed, with costs.

---

JAMES H. RAYMOND, RESPONDENT, v. CAROLINE H. HANFORD, APPELLANT.

*Implied assumpsit — measure of damages.*

An executed contract may be sued upon, on an implied assumpsit, and the contract-price will be the measure of damages.[†]

APPEAL from a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial.

The action was brought upon a *quantum meruit*, for work and labor done for defendant.

*T. G. Swartwout*, for the appellant.

*L. T. Yale*, for the respondent.

Opinion by BARNARD, P. J.

[*] Lawrence v. Fox, 20 N. Y., 268.
[†] Farron v. Sherwood, 17 N. Y., 227; 39 id., 152.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

Judgment affirmed, with costs.

---

CHARLES H. VAN SIZE, APPELLANT, *v.* THE LONG ISLAND RAILROAD CO., RESPONDENT.

*Trespasser — effect of putting fixtures on the land of another.*

THE 'defendant being in occupation of a strip of land, with its track thereon, took proceedings under the general railroad act to acquire title.

It appeared that when the track was laid, the farm, embracing this strip of land, belonged to one Stewart, and that he conveyed to Van Size, who was the owner when such proceedings were taken. Van Size sought compensation, not only for the land, but for the improvements put thereon by the company. He offered to prove that its entry on the land was without the owner's consent, and also the value of the rails, ties, etc., on the strip in question. The commissioners refused to allow proof of these facts, and Van Size appealed from the order confirming their report.

The court was of opinion that the railroad company, if it entered without consent, was a trespasser as to the then owner, and as to Van Size who acquired title from him ; and that any fixtures it placed on the land while its occupation thereof was that of a trespasser, belonged to the owner who was such at the time of the making of the valuation ; and that the commissioners therefore erred in rejecting the testimony offered by Van Size. The railway track, composed of rails and ties, was a fixture of the land, and its value as a fixture, enhancing the value of the land for the beneficial enjoyment thereof, was the measure of compensation.

*Thomas Young*, for the appellant.

*Benjamin W. Downing*, for the respondent.

Opinion by TAPPEN, J.

Present — TAPPEN and DONOHUE, JJ.

Order reversed, with costs.